IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORE DEVELOPMENT TCB, LLC,   )<br>  )<br>  Plaintiff,   )<br>  )<br>v.   )<br>  )<br>COVINGTON SPECIALTY INSURANCE   )<br>COMPANY, et al.,   )<br>  )<br>  Defendants.   ) | Case No. CIV-24-925-PRW |

### ORDER

Before the Court is Plaintiff's Motion to Remand (Dkt. 14), and Defendant Covington Specialty Insurance Company's Response to Plaintiff's Motion to Remand (Dkt. 16). For the reasons stated below, Plaintiff's Motion (Dkt. 14) is **GRANTED IN PART** and **DENIED IN PART**.

*Background*

Plaintiff's claims arise from a hailstorm that occurred on May 5, 2022. According to Plaintiff, Plaintiff sustained property damage, including interior water damage, to two properties, which Plaintiff attributes to the hailstorm. Plaintiff filed a claim with its insurer for the properties, Covington Specialty Insurance Company ("Covington"). Covington denied coverage for the damage, allegedly asserting that the interior water damage was not a result of the hailstorm, but was instead the result of "wear and tear and/or poor maintenance of the roofs and that any hail damage to the roofs . . . was only cosmetic in

1

nature and therefore not covered under the policy."[1] Plaintiff brought suit against Covington for its denial, asserting claims for breach of contract and bad faith. And because Covington denied coverage partly on the basis of poor maintenance, Plaintiff also brought claims against German Roofing LLC and Brad Oliver Roofing (together the "Roofing Defendants"), asserting that, in the alternative to Covington, the Roofing Defendants are liable for the damage sustained to Plaintiff's properties following the hailstorm because they had previously performed maintenance on Plaintiff's properties in the years leading up to the hailstorm that was apparently deficient.

Plaintiff initially filed this action on May 3, 2024, before the District Court of Payne County, Oklahoma (Dkt. 1-4). Plaintiff filed an Amended Petition on July 11, 2024, and Defendant Covington removed the action to this Court on the basis of diversity of citizenship jurisdiction on September 6, 2024 (Dkt. 1). Plaintiff then filed its Motion to Remand (Dkt. 14), arguing that this Court lacks diversity jurisdiction.

## *Legal Standard*

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]"[2] But because federal courts "are courts of limited jurisdiction, there is a presumption against

---

[1] Pl.'s Am. Pet. (Dkt. 1-12), ¶ 12.
[2] 28 U.S.C. § 1441(a).

[federal jurisdiction]."³ Removal statues are to be strictly construed, and doubts generally must be resolved against removal.⁴

The party invoking federal jurisdiction bears the burden of demonstrating that jurisdiction is proper.⁵ As relevant here, when removal is premised on diversity of citizenship jurisdiction, 28 U.S.C. § 1332 requires that "the citizenship of each plaintiff is diverse from the citizenship of each defendant,"⁶ and that the amount in controversy exceeds $75,000.⁷

### *Discussion*

Covington is a New Hampshire corporation with its principal place of business in Georgia.⁸ Plaintiff and both Roofing Defendants are citizens of Oklahoma,⁹ so the Roofing Defendants' presence in this case destroys diversity jurisdiction. However, Covington alleges in its Notice of Removal (Dkt. 1) that Plaintiff fraudulently misjoined the Roofing Defendants, so their citizenship should be disregarded by the Court is assessing whether it has subject-matter jurisdiction. In seeking remand, Plaintiff argues that fraudulent

---

³ *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *City of Lawton v. Chapman*, 257 F.2d 601, 603 (10th Cir. 1958)).

⁴ *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

⁵ *Basso*, 495 F.2d at 909 (citing *Wilshire Oil Co. of Tex. V. Riffe*, 409 F.2d 1277, 1282 (10th Cir. 1969)).

⁶ *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

⁷ 28 U.S.C. § 1332(a).

⁸ Def. Covington's Notice of Removal (Dkt. 1), ¶ 2.

⁹ Pl.'s Am. Pet. (Dkt. 1-12), ¶¶ 4, 5; Def. Covington's Notice of Removal (Dkt. 1), ¶ 13.

misjoinder has not been adopted in this Circuit and shouldn't be adopted today. Plaintiff further argues that even if the Court were to adopt the doctrine, the Roofing Defendants are properly joined under Federal Rule of Civil Procedure 20.

"Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action."[10] The doctrine of fraudulent misjoinder was first adopted by the Eleventh Circuit in 1996.[11] But unlike the doctrine of fraudulent joinder, fraudulent misjoinder has not been widely accepted, and when it has been accepted, it has not been uniformly applied.[12] On the two occasions that the Tenth Circuit has addressed the doctrine, it has neither adopted nor rejected its application.[13]

---

[10] *Lafalier v. State Farm Fire and Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (unpublished) (quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006)).

[11] *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

[12] *See, e.g.*, *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 816 n.13 (5th Cir. 2021) (collecting cases demonstrating the wide range of mixed responses to the Eleventh Circuit's adoption of the doctrine); *Nichols v. Medtronic, Inc.*, No. CIV-20-326-F, 2020 WL 3050770, at *2–3 (W.D. Okla. June 8, 2020) (describing the history of fraudulent misjoinder and its varied application); *Greer v. State Farm Fire and Cas. Co.*, No. CIV-19-378-PRW, 2019 WL 2578087, at *1 n.7 (W.D. Okla. June 24, 2019) (noting the various approaches taken when applying the doctrine); *Sanelli v. Farmers Ins. Co., Inc.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *3 (W.D. Okla. June 2, 2023) (same).

[13] *See Lafalier*, 391 F. App'x at 739 and *Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014). Covington also relies on *Kerchee v. Smith*, 527 F. App'x 817, 819–20 (10th Cir. 2013) (unpublished), for its proposition that the "Tenth Circuit has consistently maintained that fraudulent misjoinder can occur when claims are 'wholly distinct.'" Def. Convington's Resp. (Dkt. 16), at 7. But Covington's reliance on *Kerchee* is perplexing at

4

The Court need not wade into the debate, however, because even if the Court were to adopt the doctrine of fraudulent misjoinder, Plaintiff had a reasonable procedural basis for joining the Roofing Defendants. Under Federal Rule of Civil Procedure 20(a)(2),[14] plaintiffs are permitted to join defendants when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."

Here, Plaintiff seeks recovery for the damages sustained to its properties from a hailstorm on May 5, 2022. Covington denied coverage for this damage due to "long term problems including wear and tear and past improper maintenance."[15] But Plaintiff had utilized the Roofing Defendants to perform maintenance and repairs in the years leading up to the hailstorm, as recently as June of 2020.[16] So, Plaintiff seeks recovery from Covington, or in the alternative, the Roofing Defendants because, Plaintiff alleges, that either Covington improperly denied the claim, or the Roofing Defendants maintenance in the years leading up to the hailstorm was deficient.

---

best. Jurisdiction in *Kerchee* was founded on federal question jurisdiction, and the case did not involve removal. Thus, it did not involve the doctrine of fraudulent misjoinder, but rather involved a straightforward application of Federal Rule of Civil Procedure 21.

[14] The Court need not determine whether federal or state joinder rules would apply because the Court finds that the result would be the same under either. *See* Okla. Stat. tit. 12, § 2020(A)(2).

[15] Pl.'s Am. Pet. (Dkt. 1-12), ¶ 25(r).

[16] Pl.'s Am. Pet. (Dkt. 1-12), ¶¶ 33, 43, 54, 72, 74, 94, 109.

To establish liability against any of the Defendants, the common questions of how the properties sustained the damage and whether the roofs of the properties were properly maintained in the years prior to the hailstorm must be answered. And the evidence regarding damages for each claim will likely be identical or very similar. Because there will be substantial overlap in facts and evidence to prove and disprove the various claims, and in determining damages, it appears that Plaintiff's claims arise from the same transaction or occurrence, or at least the same series of transactions or occurrences, and involve common questions of fact.[17] Thus, the claims are not so wholly distinct such that their joinder constitutes fraudulent misjoinder.[18]

For these reasons, Covington has failed to meet its burden of establishing the existence of subject-matter jurisdiction. This case must be therefore remanded to the state court from which it came.

---

[17] *See* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed. 2024) ("[C]ourts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."); *Greer*, 2019 WL 2578087, at *2 ("These common questions of law or fact that will arise . . . indicate that the claims arise from the same transaction or occurrence."); *S. Sooner Holdings, LLC v. Travelers Indem. Co. of Am.*, No. CIV-21-179-PRW, 2022 WL 17831395, at *3 n.17 ("While the claims against [the defendants] involve different legal theories, it appears that there is sufficient overlap between the facts at issue in all three claims.").

[18] *See Sanelli*, 2023 WL 3775177, at *4 (finding that even if the Court were to apply the doctrine of fraudulent misjoinder, the plaintiff's claims were not fraudulently joined when the "[p]laintiff [] joined in a single action all defendants who may be liable for damage to her property."); *Regent Preparatory Sch. of Okla. v. Travelers Prop. Cas. Co. of Am.*, 20-CV-0512-CVE-FHM, 2020 WL 6121161, at *3 (N.D. Okla. Oct. 16, 2020) (same).

Plaintiff also seeks costs and fees for Covington's removal under 28 U.S.C. § 1447(c). But because of the unsettled nature of the law surrounding fraudulent misjoinder, the Court cannot say that there was no "objectively reasonable basis" for Covington's removal,[19] so this request is denied.[20]

## *Conclusion*

For the reasons given above, the Court concludes that it lacks subject-matter jurisdiction over this action. As such, Plaintiff's Motion to Remand (Dkt. 14) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's request to remand the case back to state court is **GRANTED**, and Plaintiff's request for costs and fees is **DENIED**. This action is **REMANDED** to the District Court of Payne County, Oklahoma. The pending Motion to Dismiss (Dkt. 6), filed by German Roofing LLC, is **DENIED** as moot.

**IT IS SO ORDERED** this 20th day of December 2024.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[19] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[20] Plaintiff also requests fees and costs due to Covington's violation of the "consent" rule and the "voluntary/involuntary" rule. But if the doctrine of fraudulent misjoinder were to be adopted, it would likely be an exception to these rules, similar to the doctrine of fraudulent joinder. *See Barrett v. Lib. Ins. Co.*, No. 10-CV-0129-CVE-FHM, 2019 WL 2152515, at *3 (N.D. Okla. May 17, 2019) ("Fraudulent joinder is a recognized exception to the voluntary/involuntary rule[.]"); *511 Couch LLC v. Travelers Prop. Cas. Co. of Am.*, No. CIV-14-1279-F, 2015 WL 13567456, at *3 (W.D. Okla. Feb. 6, 2015) ("A fraudulently joined defendant need not join in the removal notice." (citation omitted)); *White v. Mylan, Inc.*, No. CIV-14-402-D, 2012 WL 6726593, at *4 (W.D. Okla. Dec. 27, 2012) ("The consent of improperly joined or unserved defendants was not required.").